# EXHIBIT A

C 1:07 pm GS

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
|---|---|
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 22-013024-CD Hon.Charles S. Hegarty |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5487

| Plaintiff's name(s), address(es), and telephone no(s) Hopkins, Nicole | v | Defendant's name(s), address(es), and telephone no(s). Northstar Anesthesia |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no** Scott P. Batey 54711 30200 Telegraph Rd Ste 400 Bingham Farms, MI 48025-4506 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/1/2022 | Expiration date* 1/31/2023 | Court clerk Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| | Case No.: **22-013024-CD** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.

Signature

22-013024-CD FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  11/1/2022 12:51 PM  Laverne Chapman

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NICOLE HOPKINS,

    Plaintiff,

                                 Case No: 22-      -CD

v.

                                 Hon.

NORTHSTAR ANESTHESIA, and
DETROIT MEDICAL CENTER,

    Defendants.

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

> There is no other civil action between these parties
> arising out of the same transaction or occurrence as
> alleged in this Complaint pending in this Court nor has
> any such action previously been filed and dismissed or
> transferred after having been assigned to a Judge.

## PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, Nicole Hopkins, by and through her attorneys,

Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against

Defendants states as follows:

    1.    Plaintiff, Nicole Hopkins ("Plaintiff"), is a resident of the City of

Dearborn Heights, County of Wayne and State of Michigan.

2.     Defendant NorthStar Anesthesia ("NorthStar") is a for-profit hospital system that is duly authorized to do business in the County of Wayne and State of Michigan whose registered address is 2900 West Road, Ste. 500, East Lansing, MI 48823.

3.     Defendant Detroit Medical Center ("DMC") is a domestic profit corporation doing business in Michigan under the name Job1 USA ("Job1 USA"), whose registered address of 2900 West Road, Ste. 500, East Lansing, MI 48823.

4.     Venue and jurisdiction are proper in the Circuit Court for the County of Wayne pursuant to MCL § 600.1621 and MCL § 600.605.

5.     The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

6.     Plaintiff brings this action for sexual harassment and retaliation based on the acts and/or omissions of Defendants constituting sexual harassment to the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2202, *et seq.*, ("ELCRA") and which has resulted in mental, emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

2

8.      On or about November 17, 2020, Plaintiff began her dual employment with Defendants as a billing coordinator.

9.      NorthStar has a contract with DMC, providing Anesthesiologists and Nurse Anesthetists (CRNA).

10.     Plaintiff worked in two different DMC locations, Harper-Hutzel and Detroit Receiving Hospital.

11.     On or about November 17, 2020, Plaintiff began to work in the same office with Patrick Morris (hereinafter "Morris"), a DMC employee.

12.     On one of Plaintiff's first days, Morris walked out of the office and told Plaintiff a joke: "What do you call a dog in a skirt? A bi*ch."

13.     Morris repeatedly made comments to Plaintiff regarding sex and different sexual innuendos.

14.     In or around November 2020, a CRNA, named Patricia Nobra was faxing documents and was stuffing documents into an envelope. She stated, "damn it won't fit." Morris responded, "that is what all my exes said about my di*k."

15.     Morris repeatedly mentioned his penis size and repeatedly pointed out the size of his "huge" hands.

16.     In or around February 2021, Morris told Plaintiff that he needed new gloves because "his hands would not fit in the XL", referring to his penis size.

3

17. During work, Morris repeatedly viewed pornography in front of Plaintiff and different pictures of women that he had been with and showed Plaintiff these pictures.

18. Throughout Plaintiff's employment, Morris constantly and repeatedly used vulgar and offensive language directed towards women, calling them "bi*ches."

19. Throughout Plaintiff's employment, Morris repeatedly called his wife "disgusting," showing Plaintiff her "before and after" pictures, and calling her a "stupid bi*ch" and a "stupid fu*king a** bi*ch."

20. Plaintiff's manager for NorthStar Nancy Koelher (hereinafter "Koehler") heard some of Morris's comments and commented to Plaintiff "isn't it disgusting?"

21. Agreed with Koelher and let her know Morris' comments were unwelcome.

22. Koehler overheard Morris's comments about sex and sexual harassment of Plaintiff.

23. Plaintiff also worked with "Thomas," a NorthStar CRNA working at Harper-Hutzel.

24. When Plaintiff first met Thomas, Thomas mentioned dating several women.

4

25. As they continued to work together, Thomas's conversation with Plaintiff became mor sexual and Thomas spoke about women wanting to spend the night with him, and him sending them home after sex.

26. In or around January 2021, Thomas came into the room where Plaintiff and Morris were working.

27. Thomas shut the door behind him and asked them "do you guys want to hear something?" Morris immediately answered "sure."

28. Thomas had his phone in his hand and said into the phone "I want to thrust this di*k into your wet pu**y." He said, "I know you can fu*k me good" and made a number of other sexual comments.

29. Plaintiff yelled out "Stop! What the fu*k?"

30. Plaintiff told him that his actions were disgusting, unprofessional, and unacceptable.

31. Thomas and Morris's harassment was pervasive and pervasive and another employee who had witnessed some of the harassment "Lisa," a DMC employee who worked next door, filed a complaint with Human Resources.

32. Lisa also posted signs about bullying and intimidating behavior.

33. On or about April 9, 2021, Plaintiff complained to Koehler directly about Morris's harassment, to which Koehler responded, "we have been working together for 25 years, he is my go-to guy, and besides he is letting us use his

5

office."

34. On or about April 21, 2021, Koehler first retaliated against her by deducting her pay and underreporting her hours worked.

35. On or about April 26, 2021, Plaintiff wore a skirt to work. Morris made eye contact with her and then slowly moved his eyes down her body and stared at her private areas.

36. After Plaintiff's complaints to Koehler, Plaintiff was repeatedly called into meet with Barbara Clary (hereinafter "Clary"), the regional director of operations.

37. Plaintiff was called into meetings with Clary at Koehler's prompting at least twice a week. Plaintiff was not given any information as to why the meeting was being called.

38. On or about June 10, 2021, Plaintiff directly complained to Clary about the harassment from Morris and Thomas and Koehler's retaliation.

39. Clary told Plaintiff that maybe Patrick just wanted to be her friend, and that Nancy did not even know about the harassment.

40. Clary directed Human Resources to contact Plaintiff regarding the harassment.

41. On or about June 16, 2021, Amanda Stubblefield from Human Resources contacted Plaintiff.

6

42. Plaintiff explicitly described sexual harassment to Amanda Stubblefield via email.

43. Stubblefield told Plaintiff that her "hands were tied" and took no corrective action to stop the harassment.

44. Koehler, Thomas, and Morris treated Plaintiff differently after her complaints of sexual harassment and were rude and unprofessional towards Plaintiff.

45. On or about June 28, 2021, Plaintiff was excluded from staff luncheons.

46. On or about September 16, 2021, Plaintiff took personal medical leave as directed by her psychiatrist for stress because of the severe and pervasive sexual harassment.

47. Plaintiff was terminated on or about October 20, 2021.

48. Defendants' actions were intentional or were carried out with reckless indifference to Plaintiff's rights to be free from harassment on the basis of her sex.

49. On or about August 9, 2022, the EEOC issued a Right to Sue letter.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION
## OF TITLE VII AND ELCRA

50. Plaintiff incorporates by reference paragraphs 1 through 49 of the

Complaint as though fully set forth herein.

51.     Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq. ("ELCRA") Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer(s) and/or supervisors on the basis of her sex.

52.     Defendants were Plaintiff's employers within the meanings of Title VII and the ELCRA.

53.     At all times relevant, Defendants created a hostile work environment for Plaintiff as a result of Plaintiff's sex, and due to her status as a female, Defendants' employees, including but not limited to Thomas and Patrick, sexually harassed Plaintiff.

54.     Defendants subjected Plaintiff to unwanted and unwelcome communication and conduct by its employees, managers, and/or supervisors, including but not limited to the conduct of Thomas and Patrick.

55.     Plaintiff has been subjected to repeated, continuous, severe, and pervasive sexual harassment based upon her sex by Defendants, its employees and agents, including but not limited to Thomas and Patrick, to the point where her status as an employee has been detrimentally affected.

56.     Defendants conduct, including but not limited to the conduct of Thomas and Patrick, was objectively offensive to a reasonable person, and

8

subjectively offensive to Plaintiff, as demonstrated by her repeated complaints and her protests against the harassment.

57.   Defendants had knowledge that Plaintiff was being sexually harassed and had the ability to take remedial measures to stop the sexual harassment but failed/refused to do so.

58.   Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

        a.  Violating the laws against discrimination by engaging in sexual harassment in the workplace;

        b.  Retaliating against employees who make complaints of discrimination and harassment; and

        c.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards them was unlawful.

59.   Defendants owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating and harassing other employees.

60.   Defendants breached and violated their duty owed to Plaintiff, by failing to prevent or stop sexual harassment against Plaintiff, causing a hostile work environment.

61.   As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of the Defendants.

62.    Plaintiff is entitled to exemplary, and compensatory damages pursuant to Title VII and ELCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

63.    Because of the unlawful conduct of Defendants and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**RETALIATION IN VIOLATION OF THE MICHIGAN**
**ELLIOT-LARSON CIVIL RIGHTS ACT AND TITLE VII**

64.    Plaintiff incorporates by reference paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65.    Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., Plaintiff is guaranteed the right to be free from discriminatory treatment, harassment, and retaliation from her employer on the basis of her sex.

66.    Plaintiff was sexually harassed by her coworkers.

67.     Defendants created a hostile work environment for Plaintiff because of Defendants' continuous comments, remarks, and conduct based on sex and Plaintiff's sex.

68.     Defendants had actual and constructive notice of Plaintiff's harassment.

69.     Plaintiff engaged in a protected act under the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., by complaining of sexual harassment to multiple supervisors and to Human Resources.

70.     As a result of Plaintiff's protected activity, Defendants retaliated against Plaintiff through Defendants' employees, agents, and supervisors by modifying her hours, work schedule, and her pay.

71.     Defendants owed Plaintiff as a female employee a duty to adequately advise their employees to refrain from discriminating and retaliating against employees.

72.     Defendants owed Plaintiff a duty to not retaliate against them for making complaints of sexual harassment and other forms of harassment.

73.     As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of retaliation.

74.     Because of the unlawful conduct of the Defendants and its agents and

11

employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI  48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  November 1, 2022

22-013024-CD FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   11/1/2022 12:51 PM   Laverne Chapman

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

NICOLE HOPKINS,

    Plaintiff,

v.

NORTHSTAR ANESTHEISA, and
DETROIT MEDICAL CENTER,

    Defendants.

Case No: 22-    -CD

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Nicole Hopkins, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    RYAN FOWLER (P84210)
    Attorneys for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: November 1, 2022

2